**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dusty Michelle Woolley,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-22-00546-PHX-DJH<br><br>**ORDER** |

Plaintiff Dusty Michelle Woolley ("Plaintiff") has filed a motion for attorney fees under Section 406(b) of the Social Security Act. 42 U.S.C. § 406(b). In Plaintiff's first Motion for an Award of Attorney Fees (Doc. 24), Plaintiff, through counsel, seeks an award of $8,626.91 in total attorney fees. The Commissioner states that Plaintiff's counsel is the real party-in-interest, but that he neither supports nor opposes counsel's request for attorney fees. (Doc. 26 at 2). The Court will grant Plaintiff's counsel her requested fees.

Section 406[1] establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). "The statute deals with the administrative and judicial review stages discretely: [Section] 406(a) governs fees for representation in administrative proceedings; [Section] 406(b) controls fees for representation in court." *Id*. at 794. Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who

---

[1] Unless where otherwise noted, all Section references are to the Social Security Act.

was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Fees are payable out of, and not in addition to, the amount of a claimant's past-due benefits. *Id*.

Before awarding fees, the Court must consider whether the 42 U.S.C. § 406(b) fee requested is (1) within the statutory guidelines; (2) consistent with the fee agreement; and (3) reasonable in light of the contingent-fee agreement. *See Gisbrecht*, 535 U.S. at 807–08. Additionally, courts will require plaintiff's counsel to refund to the plaintiff the lesser of the fees awarded under Section 406(b) and the Equal Access to Justice Act 28 U.S.C. § 2412 ("EAJA"). *See Parrish v. Astrue*, 2008 WL 961611, at *2 n.3 (D. Ariz. Apr. 8, 2008) ("When EAJA fees are paid and there is also an award of attorney fees under 406(b), a plaintiff's attorney must refund to the claimant the amount of the smaller fee. There is thus a dollar-for-dollar offset of any 406(b) fee by an EAJA award.") (internal quotation and citation omitted); *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215 (9th Cir. 2012) ("Where the same attorney represented a claimant at each stage of judicial review, the court need merely offset all EAJA awards against the § 406(b) award.").

Plaintiff's Counsel seeks a total fee award of $8,626.91 for 25% of Plaintiff's past-due benefits—which the parties agreed to as a contingency fee. (Doc. 25 at 5). Plaintiff sought judicial review for the denial of her Supplemental Security Income benefits (Doc. 1) and the Court reversed the decision of the Administrative Law Judge ("ALJ") and remanded this matter to the Commissioner for further proceedings. (*Id.* at 2). On remand, Plaintiff was awarded benefits and paid $34,507.64 in total back-pay benefits, paid out over the course of three installments, six months apart. (Doc. 25-1 at 5). Plaintiff's counsel was also previously awarded $6,850.00 in fees under the EAJA. (Doc. 23). Having reviewed Plaintiff's Motion and Memorandum in support of the Motion (Docs. 24 & 25), the Court finds that the time expended, and amounts charged by counsel, are reasonable for this case.

First, Plaintiff's request for fees does not exceed twenty-five percent of the total past-due benefits obtained by Plaintiff. (Doc. 25-2 at 2). Plaintiff was awarded retroactive benefits in the amount of $34,507.64, but twenty-five percent of that benefit award was withheld for attorney fees. (*Id.*) The amount that Plaintiff pursues for attorney fees—$8,626.91—is exactly 25%[2] as statutorily required. *See Gisbrecht*, 535 U.S. at 807–08.

Second, the fee arrangement between Plaintiff and her counsel stated that Plaintiff's counsel would receive twenty-five percent of the past-due benefits awarded to Plaintiff because of counsel's representation. (Doc. 25-3 at 2). This means that Plaintiff's request is consistent with the fee arrangement between Plaintiff and counsel and that it mirrors the requirements of Section 406(b). *See* 42 U.S.C. § 406(b)(1)(A).

Finally, Plaintiff's total fee request is reasonable considering the contingent fee agreement. Plaintiff's counsel submitted an itemization of services that represents that she spent a total of 29.4 hours laboring on this matter. (Doc. 25-4 at 1–3). The attached Itemization of Services illustrates that Plaintiff's counsel has been representing Plaintiff since March 31, 2022. (*Id.* at 2). Her work has included reviewing the unfavorable decision of the ALJ, reviewing Orders set out by the Court, as well as reviewing medical opinions and transcript testimony. (*Id.*) Other work performed by counsel accords with the work normally performed by attorneys on these cases like drafting legal arguments on why the ALJ's decision was improper, countering the responding brief, and researching and crafting arguments in Plaintiff's favor. (*Id.* at 3).

If Plaintiff's counsel was paid hourly for the work she did in this matter, she would receive a fee equivalent to $293.43 per hour for the 29.4 hours of related work she performed.[3] Having considered the reasonableness factors set forth in *Giesbrecht*, the Court concludes that this amount is a reasonable rate. 535 U.S. at 808; *see also Parrish v. Astrue*, 2008 WL 961611, at *4 (D. Ariz. Apr. 8, 2008) ("This Court finds counsel's

---

[2] Twenty-five percent of $34,507.64 is $8,626.91 (0.25 x 34,507.64).

[3] Dividing the request amount of attorney fees, $8,626.91, by 29.4 (the amount of work hours committed to representing Plaintiff) yields a total hourly rate of $293.43.

- 3 -

requested attorney's fees in the total amount of $37,254.30 for 34.5 hours of work, which calculates to an overall effective rate of $1079.83 per hour, are reasonable in light of the legal standards set forth in *Gisbrecht* and the facts of this case."). The Court will therefore award $8,626.91 in attorney fees under Section 406(b), but Plaintiff's counsel must refund Plaintiff the $6,850.00 EAJA award received. (Doc. 23). *See Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991) ("The dual fee awards [under 42 U.S.C. § 406(b) and the EAJA] are proper here as long as [the plaintiff's] attorney gives the smaller of the two awards to his client to compensate [him] for his litigation costs.").

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for an Award of Attorney Fees (Doc. 24) is **granted.** Plaintiff is awarded $8,626.91 in attorney fees under 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the lesser of the fees awarded under 42 U.S.C. § 406(b) and the Equal Access to Justice Act.

**IT IS FINALLY ORDERED** that the fees shall be made payable to Plaintiff's attorney, Sarah Fern, and can be made by electronic fund transfer (EFT) or by check mailed to the following address: Larkin & Fern, PLLC, 301 E. Bethany Home Road, Ste. C186, Phoenix, AZ 85012.

Dated this 5th day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge